## 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### BROWN v. PUTNEY & ALS.

#### JANUARY 25th, 1894.

1. INFANTS' LANDS—*Exchanges—Validity.*—Under decree in suit by father in 1884, land of his infant children was exchanged for his own land. The bill was not filed by one authorized so to do, the trustee was not a party, and in other respects also the proceedings were not conformable to Code 1873, p. 932, even had that statute provided for the exchange of such lands: HELD: The exchange was not validated by the act of 1888, Sess. Acts 1887–'88, p. 504.

2. TRUST DEEDS—*Subjects of.*—Debtor may convey for his creditor's benefit property held by him nominally in trust for others, but equitably his own, and withhold property nominally his own, but equitably belonging to others.

3. IDEM—*Case at bar.*—In 1884 B. procured a decree for exchange of his own lot for a lot held by trustee for his wife and children, by proceedings not in accordance with the law. Later, by a trust deed reciting the invalidity of the exchange, he conveyed the former lot for his creditors' benefit and the latter lot for his wife and children's benefit. His creditors filed their bill, alleging the exchange to have been valid, and attacking the trust deed as voluntary and fraudulent. The court below overruled the demurrer to the bill and adjudged the trust deed void: HELD: Error.

Appeal from decree of circuit court of Amherst county, rendered October 15, 1890, in a suit wherein the appellees, Stephen Putney & Co. and others, were complainants, and the appellants, Benjamin Brown and wife and others, were defendants. Opinion states the case.

*J. Thompson Brown* and *Caskie & Coleman,* for appellants.

*John H. Lewis, John L. Lee,* and *John B. Robertson,* for appellees.

LACY, J., delivered the opinion ot the court.

The bill in this case was filed by the appellees, Stephen Putney & Co., William Neely & Co., and Fleishman & Morris, on the 2d day of February, 1888, to set aside and annul a trust deed executed by B. Brown and wife to J. Thompson Brown, trustee, on the 19th of January, 1888, to secure certain creditors their several debts set forth in the said deed, among them the debts of the plaintiffs in the bill, which, however, were deferred and postponed to other creditors, who were preferred, the debts due the plaintiffs being arranged in the ninth class, and to secure in the said class all other debts due and owing by the grantor, B. Brown, but omitted and not mentioned in the said deed. The trustee was directed to take immediate possession of the property conveyed by the deed, sell the same, and deduct expenses, and distribute the net result among the several creditors according to their respective rights under the deed. The deed conveys a large quantity of real estate, as to which the wife released her contingent right of dower, for which she was to be paid $400, which $400 to the wife was first secured. Subsequently the appellees, Armstrong, Cator & Co., and others, creditors secured, but postponed to the remote ninth class, filed their petitions attacking the said deed in like manner. The gravamen of the attack upon the deed in the bill grows out of the following clause of the deed of January 19, 1888: "The dwelling house, and ten acres of land attached thereto, lying in the edge of the village of Amherst Courthouse, in the angle of Lynch's road and the Mount Moriah road, being the same now occupied as the residence of the said Benjamin Brown and family, and being so much of the same tract that was conveyed, as 30 acres 3 roods 15 poles, to the said Benjamin Brown by Edward S. Brown, as special

commissioner of the circuit court of Amherst county, in the
case of *Davidson* v. *Smith, etc.*, by deed dated the 19th day of
May, 1884, and recorded in the clerk's office of Amherst
county court on the 27th day of May, 1884, to which deed
reference is here now made. This house, and ten acres of land
attached thereto, is identically the same which was attempted
to be conveyed to the said Benjamin Brown, as trustee for his
said wife and children, by a deed from Taylor Berry, as com-
missioner of the circuit court of Amherst county, under and
by virtue of a decree of said court in a chancery cause styled
*Benjamin Brown* v. *Taylor Berry, trustee, and others*, which deed
is dated the 29th day of July, 1884, and was recorded in the
clerk's office of the county court of Amherst county on the
4th day of August, 1884, to which, and to the said proceed-
ings in said circuit court of Amherst county, which undertook
to authorize it, reference is here and now made. But the said
Benjamin Brown is advised that the deed last referred to is
void, and has always been void; and the said Benjamin there-
fore disregards the said conveyance to himself, as trustee for
his said wife and their children, treating it as though no such
conveyance had ever been attempted to be made to him as
such trustee, and has by his conveyance of the said property
by his deed, as just set forth, treated the said dwelling house,
and ten acres of land attached thereto, as his own, as in fact
and in law it is, under and by virtue of the deed from Edward
S. Brown, commissioner of the circuit court of Amherst
county, in the case of *Davidson* v. *Smith, etc.*, hereinbefore re-
cited and referred to. And so, likewise, the deed from Taylor
Berry, as commissioner of the circuit court of Amherst, in the
same cause of *Benjamin Brown* v. *Taylor Berry, trustee, and
others*, made under and by virtue of the same decree as in the
said cause aforesaid, by which deed, dated the —— day of
——, 1884, and was recorded the 5th of August, 1884, the fee-
simple title to the property therein named and set forth was
attempted to be conveyed to the said Benjamin Brown, is also

void, and has always been void, and therefore need not be re-
leased now by the said Benjamin Brown and wife.  But in
order to more effectually remove all cloud from the title to said
property as held by Taylor Berry, trustee for S. P. Brown,
wife of said Benjamin Brown, and their children, under the
deed from said Benjamin Brown and S. P. Brown, his wife,
to the said Berry, trustee, bearing date the 12th day of No-
vember, 1879, and recorded that day in the clerk's office of the
county court of Amherst, in Deed Book LL, p. 492, they, the
said Benjamin Brown and S. P. Brown, his wife, do hereby
quitclaim, renounce, and release all right, title, interest, and
benefit that was attempted to be conveyed to the said Benja-
min Brown by the deed from said Berry, as commissioner of
the circuit court of Amherst, under said decree in the said
cause of *Benjamin Brown* v. *Taylor Berry, trustee, and others*, as
hereinbefore mentioned.  And so the effect of the failure to
make the exchange of the properties as attempted to be made
by the aforesaid proceedings in the circuit court of Amherst,
was and is to leave the ownership of and title to the said
properties, respectively, exactly where it was before such at-
tempt was made to exchange them—that is to say, to leave the
fee-simple title to the dwelling house, and the ten acres of land
attached thereto, hereinbefore mentioned as being now con-
veyed by this deed, in the said Benjamin Brown under the
deed to him from Edward S. Brown, special commissioner of
the circuit court of Amherst county, in the case of *Davidson*
v. *Smith, etc.*, hereinbefore referred to, and the title to the
storehouse and lot in the village of Amherst Courthouse, in
Taylor Berry, as trustee for Mrs. S. P. Brown, wife of said
Benjamin Brown, and their children, under the deed from said
Brown and wife to said Berry, trustee, dated and recorded on
the 12th day of November, 1879, and hereinbefore referred to."

The exchange of properties set forth in the said deed as
above, was claimed to be a valid exchange, and that the busi-
ness properties in the village were liable to the debts of credi-

tors in lieu of the residence property above described; that the said B. Brown had been enabled to obtain his credit from the plaintiffs and others by holding himself out as the owner of the business properties; that the settlement in the said deed attacked, by B. Brown on his wife, of $400, in consideration of her uniting in the deed, and relinquishing her contingent right of dower in the land conveyed, was in excess of the true value of the wife's right; that the said deed might be set aside and annulled, and the property conveyed in the said deed be subjected to the payment of the debts of the plaintiffs, etc. Whereupon, the defendants demurred and answered, and the court decreed that the first-named cause of *Putney, etc.* v. *Brown, etc.*, be referred to a master for accounts: (1) Of all the real estate of B. Brown, and the annual and fee-simple value thereof. (2) An account of all the personal property purporting to be passed by the said trust deed. (3) An account of all the debts of B. Brown, and their priorities. (4) The value per cent of the contingent right of dower of Mrs. Brown. (5) An account of the transactions of J. Thompson Brown, trustee. (6) An account of the transactions of J. Thompson Brown as receiver. (7) An account of the personal property mentioned in the trust deed of 19th January, 1888, to J. Thompson Brown, trustee for Mrs. Brown, and the considerations therefor. (8) Any accounts deemed pertinent by himself, etc.

B. Brown demurred and answered, as we have said. In his answer he denied any intent to hinder, delay, and defraud creditors. Mrs. Brown, in her answer, denied all fraud, and insisted on her legal rights. The trustees, J. Thompson Brown and Taylor Berry, answered separately, and in accordance with their view of the legal right of their *cestui que trust.* S. P. Brown, wife of Benjamin Brown, by J. Thompson Brown, her next friend, filed her bill against B. Brown, asserting her rights under the said deeds, etc., to which B. Brown made formal answer, admitting the charges in the bill to be true.

Taylor Berry, trustee, answered for his *cestui que trust*, and submitted their rights to the court.

The commissioner of the court reported as to the several matters stated above. The evidence was taken in the form of depositions, and on the 15th day of October, 1890, the court rendered the decree appealed from here. Therein the demurrers of the defendants were overruled; sustained exception of Stephen Putney to the allowance of any dower to the wife of B. Brown in the ten-acre residence and store, except as to the surplus after satisfying the deed of September 26, 1884, to Gilliam & Co., and refused the first exception of the same parties to a commission; sustained the exchange of properties made in the suit of *B. Brown* v. *Taylor Berry, trustee,* declaring the said exchange valid and binding, and decreed that the above described business properties be subjected to the payment of the plaintiffs' debts, and, without deciding any other questions, ordered certain accounts; set aside and annulled the deed of B. Brown to J. Thompson Brown, trustee, of the 19th day of January, 1888, conveying certain personal property for the benefit of his wife, as voluntary and void as to the plaintiffs, and ordered the sheriff to sell the same; and appointed John L. Lee a special commissioner to rent out the above-described property and insure uninsured buildings, give bond, and report to the court. And this decree being interlocutory, but settling the principles in the cause, the appellants applied for an appeal to this court, which was allowed by one of the judges.

The first error assigned here is the action of the circuit court in overruling the demurrer of the defendants to the plaintiffs' bills, and overruling their motion to dismiss the said bills of the plaintiffs. The second error assigned is as to the action of the court in holding that the exchange above referred to, made in 1884, was valid. The third assignment of error is as to the action of the court in setting aside the deed of the 19th January, 1888, as to the *bona fide* creditors secured therein, who are

neither proved nor alleged to have been participators in the supposed fraud, whatever the court might hold as to the grantors therein.

Section 2460 of the Code of Virginia allows a bill to be filed by a creditor to set aside a conveyance, etc., declared void by sections 2458 and 2459, before obtaining judgment or decree, (this is upon the ground that the above sections refer to fraudulent acts that are void,) and expressly contains, in section 2458, a reservation in favor of a purchaser for valuable consideration without notice of the fraud. And section 2459 refers to voluntary conveyances not upon valuable consideration. The bill bases its ground of procedure upon the ground that the exchange cited above, in 1884, was effectual, and that the deed assailed conveyed, therefore, property as to which the debtor had no property rights, and failed to convey property which was liable for his debts. If the debtor made a release to his wife's trustee of the business property in the village in lieu of the residence and ten acres outside the village, it cannot be said to be voluntary and without consideration, and it cannot be said to be fraudulent, but it was made, however mistakenly, under the honest belief that he was entitled to the residence and adjoining lands which he conveyed to secure *bona fide* creditors. But how can this exchange of the infants' land in 1884 be upheld as valid? The statute (Code 1873, p. 931, c. 124, § 2) provides how infants' lands may be sold (if this attempted exchange could be treated as a sale). It is prescribed that this suit shall be brought by the guardian, or, if held in trust by the trustee, guardian, committee, or any person interested therein, who thinks the interests of the infants, etc., will be promoted by a sale, may file a bill for the purpose, stating plainly all the estate, real or personal, to which the infant may be entitled, verified by the oath of the plaintiff, and the infants, insane person, beneficiaries, and the trustee (when not plaintiff), and all other persons interested, shall be made defendants, and also, where there is an infant or insane defend-

ant, all those who would be his heirs or distributees if he were dead. This statute must be strictly followed. The bill was filed by B. Brown, who was neither guardian, trustee, nor a person interested in the estate. The subsequent act of 1888 (Acts 1887–'88, p. 504), which provides for exchanges, could not be held to validate such exchanges as were made without authority of law. The trustee was not a party. The depositions were taken without a guardian *ad litem* for the infant defendants, and were not, therefore, taken in his presence, nor upon interrogatories agreed on by him, and were in fact taken before the bill was filed. And the infants had already brought their suit to rehear the decree, rendered thus illegally against them.

The claim that improvements had been placed upon these properties by B. Brown, which could belong or be subjected by his creditors, is immaterial to the plaintiffs, because, whatever that claim was, it had been conveyed by the deed for the benefit of others, *bona fide* creditors of the grantor. And the same may be said of any excess of $400 over the present value of the wife's contingent right of dower. So that it appears, in whatever aspect the case may be viewed, the bill of the plaintiffs could not be maintained, and should have been dismissed. The debts secured were and are admitted to be valid debts. It is nowhere otherwise alleged. The conveyance was neither fraudulent nor voluntary. It preferred certain creditors, but conveyed all the property of the grantor to secure all his creditors according to the schedule provided by the deed. The circuit court having decided otherwise, the decree of the said court must be reversed and annulled, and such decree will be rendered here as the said circuit court ought to have rendered.

DECREE REVERSED.